UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD L. NORTON, | ) | |
| | ) | |
| Petitioner, | ) | 3:10cv839 |
| | ) | |
| v. | ) | No. 3:10-mc-100 |
| | ) | Judge Campbell |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is a *pro se* prisoner petition brought under 28 U.S.C. § 2241. (Docket No. 1). The petitioner is an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee. The petitioner has submitted an application to proceed *in forma pauperis*. (Docket No. 6).

From a review of his application to proceed *in forma pauperis*, it appears that the petitioner lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the petition *in forma pauperis*. 28 U.S.C. § 1915(a).

The crux of Mr. Norton's § 2241 petition is that the Tennessee Department of Corrections ("TDOC") has wrongly classified him as a "high risk sexual predator" and placed him in the "High Risk Sexual Predator" program, causing the petitioner to have restricted privileges and to suffer mental and emotional distress. (Docket No. 1). The petitioner contends that he was transferred from Northeast Correctional Complex to his current place of confinement due to the "high risk sexual predator" classification. (*Id.*) The petitioner asks the court to conduct "an investigation" into the allegations he makes in his § 2241 petition. (Docket No. 2). The petitioner alleges that the individuals involved are

liable under various state statutes for fabricating evidence, falsifying records, and official misconduct. (Docket No. 1 at p. 5).

Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979). Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. *Id.* at (c)(3).

The petitioner does not allege a specific violation of his constitutional rights, but his allegations that he has been improperly classified as a "high risk sexual predator" implicate the Due Process Clause.[1] "However, a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005)(quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *Id.* (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976)). The Sixth Circuit has followed the Supreme Court's rulings in previous cases where a prisoner has challenged his "homosexual predator" designation. *See e.g.,*

---

[1]The petitioner does not contend that Tennessee law creates an expectation of entitlement to a particular security classification giving rise to a constitutionally protected liberty interest. *See e.g., O'Quinn v. Brown*, 1993 WL 80292, at *1 (affirming district court's grant of summary judgment on prisoner's claims that his constitutional rights were violated by being labeled a "homosexual predator" by Michigan prison system; noting that Michigan state law does not provide for a liberty interest claim under these circumstances).

2

Case 3:10-cv-00839   Document 9   Filed 09/07/10   Page 2 of 4 PageID #: 57

*Washington v. Weist,* No. 97-1289, 1998 WL 466555, at *2 (6th Cir. July 31, 1998)(denying prisoner's due process claim "because he has no liberty interest in any particular security classification, including a classification free of the label of homosexual predator"); *O'Quinn v. Brown,* No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar.22, 1993)("O'Quinn's classification as a 'homosexual predator' is not a 'law'; the label does not impose punishment but is used as a security tool; and O'Quinn does not have a constitutional right to a particular security classification allowing him to challenge his level and place of confinement.").

Here, the petitioner's designation as a "high risk sexual predator" is nothing more than a security classification used by the prison. Because the petitioner has no liberty interest in a particular security level or classification, he fails to state a due process claim. *See Watkins,* 2005 WL 1189602, at *2 (finding that, because prisoner's designation as a "homosexual predator" is merely a security classification used by the prison, prisoner fails to state due process claim).

For the reasons explained above, the petitioner is not entitled to *habeas corpus* relief under § 2241. Accordingly, the petition is DENIED. Rule 8, Rules – Section 2254 Cases.[2]

A state prisoner incarcerated pursuant to a state conviction who seeks *habeas corpus* relief under § 2241 must obtain a certificate of appealability before filing an appeal. *Green v. Tennessee Dep't of Corrs.,* 265 F.3d 369, 371 (6th Cir. 2001). Where, as here, the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court has independently determined that the petitioner has not made a substantial showing

---

[2] The rules pertaining to § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules – § 2254 Cases.

of a denial of a constitutional right in the matter before this court, and that reasonable jurists would not find the court's disposition of this action debatable or wrong. Therefore, should the petitioner file a timely notice of appeal from this Order, such notice shall be docketed as both a notice of appeal and an application for a COA, 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 483; Rule 22(b), Fed. R. App. P., which will **not** issue. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).[3]

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

Todd J. Campbell
United States District Judge

---

[3] Each of these cases pertain to petitions brought under § 2254. However, as noted *supra* at p. 4 n. 4, the rules pertaining to § 2254 cases are applicable to actions brought under § 2241. Accordingly, the Court concludes that *Castro*, *Murphy*, *Porterfield*, and *Lyons* pertain to actions brought under § 2241.

4